IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:15-CR-080 |
| Plaintiff, | : | Case No. 2:14-CR-127 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| ROBERT B. LEDBETTER, *et al.* | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter comes before the Court on Defendant Clifford L. Robinson's motion in limine seeking to exclude an audio recording of an encounter between a confidential informant and one of Robinson's co-defendants, Rastaman Wilson. (Doc. 224). Having listened to the recording in question, the Court finds it almost entirely unintelligible and, as a result, insufficiently trustworthy. Accordingly, the Court **GRANTS** Robinson's motions in limine.

## I. BACKGROUND

On April 27, 2012, confidential informant David Hurt donned a recording device that was fitted by the Licking County Sheriff's Office. He then visited Rastaman Wilson, who was serving a sentence at the Ross Correctional Institution. The encounter between Hurt and Wilson occurred in the prison's public visitation room and lasted just over forty minutes. During their recorded conversation, Hurt and Wilson allegedly discussed the 2007 murder of Donathan Moon, for which both Wilson and Robinson face charges. (*See* Doc. 300, Counts Five and Six). Robinson now moves to exclude the recording from evidence at trial. (Doc. 224). He argues that background noise from the public visitation room renders the recorded conversation between Hurt and Wilson unintelligible and therefore untrustworthy and inadmissible. (*Id.*).

The Government, for its part, acknowledges that background noise in the recording "muffles some portions of the conversation," but nevertheless contends that "Wilson and Hurt are mostly clear and audible[,] and the context of their references to Robinson can be understood." (Doc. 243).  The Government, moreover, has transcribed what it believes to be the conversation between Hurt and Wilson for the Court's review and has indicated its intent to use the transcript at trial to aid the jury.

## II.  STANDARD OF REVIEW

Both Robinson and the Government agree that "[t]he admission at trial of tape recordings rests within the sound discretion of the trial court." *United States v. Wilkinson*, 53 F.3d 757, 761 (6th Cir. 1995).  To be admitted, "the tapes must be authentic, accurate[,] and trustworthy." *Id.* (quotation omitted).  Furthermore, the tape recordings "must be audible and sufficiently comprehensible for the jury to consider the contents." *Id.* (quotation omitted).  The mere fact that a recording "has some unintelligible portions does not automatically render the entire recording inadmissible." *Id.*  Rather, for the tape to be inadmissible, "the incomprehensible portions must be so substantial as to render the recordings as a whole untrustworthy." *Id.* (quotation omitted).

## III.  ANALYSIS

Robinson does not challenge the authenticity or accuracy of the recording.  (Doc. 224).  Instead, he claims that unintelligible portions of the recording render the entirety "untrustworthy and, consequently, inadmissible." (*Id.*).  Put differently, he argues that admission of the recording would constitute an abuse of discretion "because the unintelligible portions render the recording, as a whole, untrustworthy." (*Id.* (citing *United States v. Adams*, 722 F.3d 788, 823 (6th Cir. 2013))).  This Court agrees.

The Court has listened to the recording, which spans roughly forty minutes, in its entirety. This review included both standard computer speakers as well as headphones, with and without the aid of the Government's prepared transcript. The Court finds that, although limited snippets of the recording are audible and intelligible, the vast majority sounds muffled and cluttered with background noise. The longest intelligible portions of the recording last, at most a minute or two at a time, with significant gaps in between. Moreover, even during the few instances when the principle speakers sound intelligible, one of them, Rastaman Wilson, speaks in such a hushed, muted, and mumbled voice, that his contributions are almost entirely inaudible. Indeed, the transcript of the recording prepared by the Government includes numerous references to inaudible or unintelligible statements from Wilson (and Hurt too, for that matter).

Context matters when trying to understand a conversation between two strangers. Where, as here, the listener must go large swaths of time without any indication of the words spoken, it becomes difficult (if not impossible) to jump in mid-stream and understand the conversation based on limited snippets. This challenge becomes even more vexing where, as here, only one of the participants speaks loudly and clearly enough to understand. Prefaces, qualifications, equivocations, and hypotheticals may all go undetected, resulting in a complete lack of context, and thus, a complete lack of understanding on the listener's part. *See United States v. Aragon-Hernandez*, No. CR 06-3061-MWB, 2007 WL 315351, at *2-4 (N.D. Iowa, Jan. 31, 2007) (granting motion in limine where recording was of such poor quality that "little more than isolated phrases, words, or brief exchanges could be clearly understood" and where, "as a result, the tapes in their entirety provide few intelligible comments or exchanges so isolated from each other as to make the conversations incoherent and confusing").

At bottom, "the incomprehensible portions" of the audio recording are "so substantial as to render the recording[] as a whole untrustworthy," and thus, inadmissible at trial. *Wilkinson*, 53 F.3d at 761; *see also United States v. Maze*, 382 F. App'x 462, 468-69 (6th Cir. 2010) (affirming district court's decision to exclude unintelligible recording where trial judge found that "on the whole, it's unintelligible to me"); *United States v. Hemmings*, No. 07 CR 421 (NG)(JMA), 2009 WL 1616517, at *2-4 (E.D.N.Y. June 9, 2009) (adopting magistrate judge's report and recommendation that found original and enhanced audio recordings were inadmissible; "[A]lthough the audio of the [confidential witness] was partially intelligible throughout most of the recordings, the audio of statements purportedly made by [the defendant] was rarely intelligible."). As in *Hemmings*, this Court finds it "most significant[]" that the statements from the primary person of interest—Defendant Rastaman Wilson—are "chronically mumbled and often completely unintelligible." *Hemmings*, 2009 WL 1616517, at *4. Accordingly, the Court exercises its discretion in granting Robinson's motion in limine. *See Wilkinson*, 53 F.3d at 761.

## IV. CONCLUSION

For these reasons, Robinson's motion in limine (Doc. 224) and renewed motion in limine (Doc. 390) are **GRANTED**. The Government may not use the recording at any of the upcoming trials.

**IT IS SO ORDERED.**

                                                 s/ Algenon L. Marbley
                                                 **ALGENON L. MARBLEY**
                                                 **UNITED STATES DISTRICT JUDGE**

**DATED: November 18, 2015**