IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 2:14-CR-127(16) |
| | : | |
| Plaintiff, | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| | : | |
| CLIFFORD L. ROBINSON | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' SENTENCING MEMORANDUM

The United States, by and through undersigned counsel, hereby submits the following Sentencing Memorandum to aid the Court in its consideration of sentencing issues in the above-entitled case.

### BACKGROUND

On October 20, 2014, the Grand Jury for the Southern District of Ohio returned the Superseding Indictment in this case, which charged the defendant, Clifford Robinson, aka "Tink" and 19 co-defendants with a number of serious felony offenses. On April 2, 2015, the Grand Jury returned the Joined Indictment, which alleged two additional crimes. Specifically, Mr. Robinson is named in the following counts: Count 5 which charged murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1); and Count 6 which charged murder through the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and (j)(1).

1

On June 9, 2016, after a ten-week trial, the jury found Mr. Robinson guilty on both counts. Specifically, the jury determined that Robinson was an associate of a criminal enterprise – *i.e.*, the Short North Posse and the jury found that Clifford Robinson participated in the homicide of Donathan Moon in August of 2007.

The Probation Officer completed the final Presentence Investigation Report ("PSR") on December 19, 2016. An addendum was filed on February 23, 2017, confirming that defendant Robinson has obtained his G.E.D. which resolved an objection by counsel for the defendant. While no objections to the PSR determinations remain, there is an outstanding legal issue in dispute regarding the applicable penalty in this case which will be addressed further below. As of this date, the defendant has not filed a sentencing memorandum. Sentencing in this matter is scheduled for March 15, 2017.

## PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION

The Probation Officer calculated Mr. Robinson's sentencing range based on the United States Sentencing Guidelines ("Guidelines") as life imprisonment, based on a Total Offense Level of 43 and a Criminal History Category of VI. The Probation Officer did not identify any factors warranting a departure or deviation in this case. The Probation Officer has recommended a sentence of life imprisonment on Count 5, and a consecutive sentence of life imprisonment on Count 6. The Probation Officer also recommends that the defendant be sentenced to a five-year term of supervised release on each count, to run concurrently.

The United States has no objections to the PSR and the defendant has no outstanding objections. For the reasons set forth herein, the United States concurs with the Probation Officer's recommendation and requests that Mr. Robinson be sentenced to life imprisonment without the possibility of parole.

## ANALYSIS AND RECOMMENDATION OF THE UNITED STATES

After *United States v. Booker*, 543 U.S. 220 (2005), district courts should engage in a three-step sentencing procedure. *See* U.S.S.G. § 1B1.1(a)-(c) (outlining the sentencing process). First, the Court should calculate the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."). Second, the Court should consider whether a departure from the Guidelines range is appropriate. *Rita v. United States*, 551 U.S. 338, 351 (2007). Third, the Court should consider "all of the [18 U.S.C.] § 3553(a) factors" in deciding what sentence to impose. *Gall*, 552 U.S. at 49-50. Under 18 U.S.C. § 3553, the Court is directed to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). *Booker* requires that the sentence a district court imposes be reasonable. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). A sentence within the applicable Guidelines range is deemed presumptively reasonable. *Rita*, 551 U.S. at 347; *United States v. Graham-Wright*, 715 F.3d 598, 604 (6th Cir. 2013); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) ("We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness.").

**I.     Guidelines Range**

The Probation Officer properly calculated Mr. Robinson's Total Offense Level to be 43. In light of his criminal record, the defendant was assigned to Criminal History Category VI. This results in a sentencing range of life imprisonment.

Mr. Robinson declined to be interviewed by the Probation Officer. As this Court is aware, the jury unanimously found the defendant Robinson guilty on both counts after nearly

3

two months of trial testimony – during which the United States called 115 witnesses and introduced hundreds of exhibits – and four-and-a-half days of deliberations. The recommendation of the Probation Officer is fully supported by the facts and evidence in this case.

## II. Possible Departure

The Probation Officer has not identified any grounds for a departure from the applicable Guidelines range. The United States is not seeking a departure in this case.

## III. Sentencing Factors in 18 U.S.C. § 3553(a)

In addition to the Guidelines, the Court must consider seven factors in determining a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range as set forth in the Guidelines; (5) the Guidelines Policy Statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The United States believes that consideration of these factors supports both a guideline sentence of incarceration for life as well as the statutorily mandated sentence of life imprisonment without the possibility of parole.

The Court is intimately familiar with the facts of this case. In finding Mr. Robinson guilty, the jury determined that the defendant was an associate of the Short North Posse, a violent criminal enterprise that terrorized Columbus, Ohio and surrounding communities for a decade. At trial, the United States presented evidence that Mr. Robinson was specifically involved in an attempted home invasion and robbery which resulted in the subsequent murder of Donathan Moon.

Based upon these two convictions, the defendant should be sentenced to two terms of life imprisonment. Counsel for defendant has suggested that Congress created ambiguities in the mandated statutory penalty for Count 5, the murder in aid of racketeering charge, by the insertion of a comma after the phrase "death or life imprisonment" in the penalty provision of 18 U.S.C. §1959(a). As admitted by counsel for Robinson, all Courts to address this statutory interpretation issue have determined that, absent application of the death penalty, this conviction still mandates a sentence of life imprisonment. *See, e.g.*, United States v. Mahdi, 598 F.3d 883, 897 (D.C. Cir.2010); United States v. James, 239 F.3d 120, 126-127 (2nd Cir.2000); (other citations omitted). Likewise, in a related similar case, this Court has already ruled that the statute calls for a mandatory term of life imprisonment upon conviction. In other words, the penalty is what it is.

While giving it 110% in his advocacy for Robinson, counsel boldly suggests the challenged comma "manifests a Congressional intent to afford courts a menu of sentencing options". (Objection letter, page 3) However, counsel offers no legal authority for the jump in statutory interpretation to reach this conclusion. If counsel for defendant is right regarding strict statutory construction, it would follow that this Court has the option to sentence Robinson to either life imprisonment or a fine only, not a variety of additional sentencing options. This should still result in a sentence of life imprisonment. The undersigned do agree that conviction on Count 6 allows for penalty up to life, though this sentence must be consecutive to the other sentence. *See* 18 U.S.C. §§ 924(c)(1)(D)(ii) and 924(j)(1). In this case, the Probation Officer's recommended sentence of life is reasonable and appropriate.

As is true of the families of other victims in these related cases, the United States has consulted with some of the members of the family of Donathan Moon. At the time of

sentencing, representatives of this family may want an opportunity to address the Court and further discuss the impact of the defendant's crimes.  If this is the case, the United States will endeavor to inform the Court prior to the hearing.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court adopt the recommendations contained in the PSR and this memorandum as reasonable and appropriate in this case and sentence Mr. Robinson to a term of life imprisonment to be followed by a consecutive sentence of life imprisonment without the possibility of parole.

        Respectfully submitted,

        BENJAMIN C. GLASSMAN
        United States Attorney


        s/ David M. DeVillers
        DAVID M. DEVILLERS (0059456)
        Assistant United States Attorney


        s/ Kevin W. Kelley
        KEVIN W. KELLEY (0042406)
        Assistant United States Attorney


        s/ Brian J. Martinez
        BRIAN J. MARTINEZ (CA 224587)
        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 1st day of March, 2017, via this Court's ECF system upon counsel of record in this matter.

                                                s/ Kevin W. Kelley
                                                KEVIN W. KELLEY (0042406)
                                                Assistant United States Attorney